IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DONOVAN ANTHONY LIVINGSTON,**                                 **PETITIONER**
**# 44142-004**

**VERSUS**                                 **CIVIL ACTION NO. 5:13cv124-DCB-MTP**

**BILL WUNDERLE**[1]                                                    **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Donovan Anthony Livingston, filed this Petition [1] and Amended Petition [4] for Writ of Habeas Corpus under 28 U.S.C. § 2241. He is presently incarcerated at the Adams County Correctional Center in Natchez, Mississippi and attacks his conviction and sentence for illegal re-entry into the United States after deportation. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On August 19, 2013, Petitioner filed the instant habeas Petition challenging his conviction and sentence handed down from the District of Delaware. He was convicted by a jury of illegal re-entry into the United States. On December 16, 2009, that court sentenced him to 77 months in the custody of the Federal Bureau of Prisons. The Third Circuit Court of Appeals affirmed the conviction. *United States v. Livingston*, 404 F. App'x 685, 686 (3d Cir. Dec. 15, 2010). On December 14, 2011, Petitioner filed his first 28 U.S.C. § 2255 Motion to Vacate. Briefing was completed on January 9, 2013, and the action is still pending.

---

[1]Petitioner amends the Petition to replace the former warden Respondent Vance Laughlin with the current warden.

**DISCUSSION**

Petitioner claims he is actually innocent of illegal re-entry because he is a United States citizen, having allegedly obtained derivative citizenship from his stepfather. Petitioner also claims he is actually innocent because he was originally wrongfully deported in violation of due process. He also argues the illegal re-entry prosecution was time-barred and his sentence was unreasonable.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claims do not challenge the execution of his federal sentence but instead attack the validity of his sentence. Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id.* at 901.

Petitioner does not invoke the savings clause for any of his claims.  He points to no Supreme Court case and does not contend that any of these arguments were previously foreclosed by Third Circuit law.  He admits that these claims are pending in a Section 2255 motion.

Accordingly, none of Petitioner's claims are properly pursued under Section 2241, and the Petition shall be dismissed as frivolous.  To the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 9th day of September, 2013.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE

3